UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MORRIS ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:07-cv-783 |
| | ) | |
| v. | ) | Honorable Robert J. Jonker |
| | ) | |
| THOMAS K. BELL, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR DISCOVERY**

    This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Petitioner was convicted in the Muskegon County Circuit Court, following a jury trial, of assault with intent to commit murder, possession of a firearm by a felon, and possession of a firearm during the commission of a felony.  Petitioner's jury trial was conducted between June 24 and June 27, 2003, as reflected in four volumes of trial transcript, now part of the record in this court as documents numbered 13 through 16.  The official transcript was made from a recording of the court proceedings, as allowed by Michigan court rule.  MICH. CT. R. 8.109.

    Presently pending before the court is petitioner's motion for discovery.  (docket # 34). It is well established that a habeas petitioner "is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Discovery is only allowed if the court, in its discretion, finds "good cause" to allow it.  RULES GOVERNING § 2254 CASES IN THE UNITED STATES DISTRICT COURTS 6(a); *see Beuke v. Houk*, 537 F.3d 618, 654-55 (6th Cir. 2008).  "Fishing

expeditions" by habeas petitioners do not satisfy this requirement. *See Beuke*, 537 F.3d at 654-55; *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

In his motion, petitioner seeks production of videotape number 53, which he alleges contains portions of the trial that do not appear in the official transcript. This assertion is belied by the record. Volume IV of the trial transcript (docket # 16) begins with tape 52 at 10:22 a.m. (p. 595). The tape was changed at 4:57 p.m. (p. 681). Proceedings commenced one minute later, as recorded on tape 53. Those proceedings lasted less than one minute. Court adjourned at 4:58 p.m. (pp. 681-82). Petitioner is therefore incorrect when he says that no certified transcript of the proceedings recorded on tape 53 exists.

Petitioner's motion and attached affidavit make other inaccurate statements in support of the motion. For example, petitioner asserts that the jury was not polled. The transcript clearly shows that the jury was indeed polled. (TT IV 676-78). Petitioner also asserts that the jury verdict was not unanimous. The poll of the jury shows a unanimous verdict. (*Id.*). Petitioner asserts that there is no record that the jury found him guilty on count 4. This statement is true, but irrelevant. The jury found petitioner guilty of the principal count of assault with intent to commit murder (count 1). Count 4 was the lesser included offense of assault with intent to do great bodily harm less than murder. Consequently, the trial court dismissed the lesser included offense contained in count 4 at the time of sentencing, on motion of the prosecutor. (Sentencing Transcript, docket # 17, at 8-9). In summary, it is fair to say that every factual assertion made by petitioner in support of his motion is contradicted by the record.

More basically, the discovery sought by petitioner is irrelevant to the claims set forth in his petition. The petition contains seven claims, none of which relates to the unanimity of the

verdict, the alleged lack of a jury poll, or any of the other issues identified in petitioner's motion for discovery.

Petitioner's motion for discovery is factually unsupported and seeks to delve into matters irrelevant to this habeas corpus proceeding. Petitioner has therefore failed to show good cause for discovery. Accordingly:

IT IS ORDERED that petitioner's motion for discovery of video record of trial proceedings (docket # 34) be and hereby is DENIED.

DONE AND ORDERED this 2nd day of October, 2008.

/s/  Joseph G. Scoville
United States Magistrate Judge