UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS PAUL ROGERS,

        Petitioner,

                                                                                     CASE NO. 1:07-cv-783

v.

                                                                                     HON. ROBERT J. JONKER

THOMAS K. BELL,

        Respondent.
_____/

## **ORDER APPROVING REPORT AND RECOMMENDATION**

        The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 44) and Petitioner's objection to it (docket # 48). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review, the Court affirms the Report and Recommendation in part and returns the matter in part to the Magistrate Judge.

**Background**

Following a trial, a jury convicted Mr. Rogers of assault with intent to commit murder, possession of a firearm by a felon, and possession of a firearm during the commission of a felony. The court sentenced Mr. Rogers to respective terms of 23 to 40 years, 2 to 15 years, and 2 years. Mr. Rogers pursued a direct appeal without success, alleging that 1) he was denied effective assistance of counsel because his attorney failed to request a jury instruction on self defense; and 2) he was denied effective assistance of counsel by his attorney's failure to request a jury instruction on provocation that would mitigate murder to manslaughter. In a *pro per* supplement brief, Mr. Rogers raised five additional grounds: 1) the prosecutor failed to prove the three prior felony convictions in the information; 2) he was denied arraignment; 3) he was denied effective assistance of counsel by trial court's failure to instruct him on self-representation; 4) the trial judge erroneously instructed jury and thus deprived him of right to fair trial and due process; and 5) the trial judge erroneously instructed jury that he had been convicted of a felony and thus deprived him of his right to a fair trial. The Michigan Court of Appeals and the Michigan Supreme Court upheld his convictions.

Mr. Rogers then sought post-conviction relief in state court, based on four allegations: 1) trial court erred when finding it had personal jurisdiction over him; 2) trial court erred when it failed to instruct jury on dead-locked juries; 3) trial court had a duty to instruct the jury on all necessary elements; 4) trial court erred when it allowed testimony from non-testifying witnesses and allowed witnesses to perjure themselves. The Fourteenth Circuit Court rejected his claims, stating he had not established either good cause for failing to raise the issues on appeals or actual prejudice. The court dismissed Mr. Rogers's jurisdictional claim on the merits. Both the Michigan Court of

Appeals and Supreme Court affirmed the decision in brief opinions, citing only to Michigan Court Rule 6.508(D).

In his petition for habeas under section 2254, Mr. Rogers raised seven grounds: 1) ineffective assistance of counsel for failure to request self-defense jury instruction; 2) ineffective assistance of counsel for failure to request provocation jury instruction; 3) deprivation of assistance of counsel for trial court's failure to instruct him on self-representation; 4) lack of personal jurisdiction by the circuit court; 5) trial court erred for failing to instruct on dead-locked juries; 6) trial court had duty to instruct jury on all necessary elements; 7) trial court erred by allowing particular testimony.

The Report and Recommendation addressed Mr. Rogers's first three claims on the merits, finding that he did not meet the standard for ineffective assistance of counsel set out by *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Report and Recommendation found that Mr. Rogers procedurally defaulted on his four remaining claims.

## Discussion

Mr. Rogers seeks relief under section 2254, which provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Before a petitioner may seek federal relief under section 2254, however, he must exhaust his claims by fairly presenting them to all available state courts. *See* 28 U.S.C. § 2254(b)(1)(A). Where the state court has adjudicated the petitioner's claims on the merits, the federal court's section 2254 review is limited by the Antiterrorism and Effective Death Penalty Act of 1996. AEDPA prevents federal courts from retrying state cases and "ensure[s] that state-court convictions are given effect to the extent possible under law." *Bell v.*

3

*Cone*, 535 U.S. 685, 693-94 (2002). Under AEDPA, an application for writ of habeas corpus cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A federal habeas court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Instead, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. Additionally, AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Mr. Rogers objects to the Recommendation that his claim of ineffective assistance of counsel for failure to request a self-defense jury instruction be denied. To be ineffective, Mr. Rogers's counsel's performance must have been objectively unreasonable and that performance must have prejudiced Mr. Rogers, resulting in an unreliable or fundamentally unfair outcome. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Counsel's choice in defense strategy is usually entitled to deference. *See People v. LaVearn*, 448 Mich. 207, 216 (1995). Here, counsel had a choice between two alternative defense theories: Mr. Rogers did not shoot the victim or Mr. Rogers shot the victim but acted in self-defense. Neither defense had extensive factual support in the record. It

is true that in this case, there is evidence that Mr. Rogers stated he was acting in self-defense. It is also true that Mr. Rogers did not need to testify in order to receive the jury instruction. *See People v. Hoskins*, 403 Mich. 95, 100 (1978). There is no evidence in the record, however, that Mr. Rogers *needed* to use deadly force. *See People v. Riddle*, 467 Mich. 116, 119-20 (2002) ("The necessity element of self-defense normally requires that the actor try to avoid the use of deadly force if he can safely and reasonably do so, for example by applying nondeadly force or by utilizing an obvious and safe avenue of retreat," but "where it is uncontested that the defendant was the victim of a sudden and violent attack, the Court should not instruct the jury to consider whether retreat was safe, reasonable, or even possible."). Instead, the evidence as it existed before Mr. Rogers's counsel at the time of trial was that people were attempting to get Mr. Rogers out of the house. There was no evidence that Mr. Rogers had been violently, suddenly attacked. Mr. Rogers does not argue that he would have testified or offered any other additional evidence to support a theory of self-defense.

Presenting a self-defense theory to the jury on this record, even assuming the trial court had found such an instruction supported by the evidence, would have been risky. The self-defense theory logically had to concede that Mr. Rogers was guilty of the weapon possession charge, a crime in and of itself. *See People v. Anderson*, 2009 WL 3837168 (Mich. App. 2009). Moreover, the self-defense theory would have conceded, at least in an alternative theory, that Defendant shot the victim. The Court must give deference to trial counsel facing difficult strategic decisions, as Mr. Rogers's counsel did in this case. Accordingly, the strategic choice made by counsel was not objectively unreasonable. Moreover, Mr. Rogers was not actually prejudiced. No reasonable jury could find that Mr. Rogers met all of the elements of self-defense, since the record contained no evidence that he faced a sudden and violent attack where deadly force was necessary.

Mr. Rogers also objects to the Recommendation regarding his claim for ineffective assistance of counsel based on the counsel's failure to request a provocation/mitigation instruction. This claim is subject to the same type of analysis as the failure to request a self-defense instruction. Again, had he requested a provocation instruction, Mr. Rogers's counsel would have admitted that his client was guilty of at least the possession charge. Moreover, that instruction would have pitted two different theories against each other: On the one hand, Mr. Rogers did not shoot the victim; but on the other hand, Mr. Rogers shot the victim but only after reasonable provocation. Just as with the self-defense claim, Mr. Rogers's counsel would have faced difficult legal obstacles, because "provocation must be adequate, namely, that which would cause the reasonable person to lose control." *People v. Pouncey*, 437 Mich. 382, 389 (1991). "Not every hot-tempered individual who flies into a rage at the slightest insult can claim manslaughter. The law cannot countenance the loss of self-control; rather, it must encourage people to control their passions." *Id*. Here, the evidence supported a finding that Mr. Rogers was being insulted, but there is no evidence that the insults were to a degree that a reasonable person would lose control and shoot. Even if the trial court found sufficient evidence to instruct the jury on the charge, Mr. Rogers's counsel did not act unreasonably by not pursuing it. The theory was not supported by the weight of the evidence, and it required Mr. Rogers to admit that he shot the victim (albeit in the heat of passion) and that he possessed a weapon. Counsel did not act unreasonably by foregoing this strategy.

Mr. Rogers also objects to the final merits-based Recommendation, that his claim of denial of assistance of counsel be dismissed. This claim arises out of Mr. Rogers's waiver of his right to counsel at a preliminary examination. The Recommendation correctly notes that any error by the trial court in this case was harmless. Mr. Rogers was represented at trial and his counsel extensively

cross examined Kenyatta Jones, the sole witness at the preliminary examination where Mr. Rogers was without counsel. The determinations of the Michigan Court of Appeals and the Supreme Court were reasonable, and the Recommendation is affirmed.

The Report and Recommendation dismissed Mr. Rogers's final four claims due to procedural default. Mr. Rogers raised his final four claims in his motion for relief from judgment, but did not address them on his direct appeal. The Report and Recommendation noted that the Michigan Court of Appeals and the Michigan Supreme Court specifically rejected these claims because they were not raised on direct appeal. Yet the record reflects that both courts cited only to Michigan Court Rule 6.508(D). In a recent decision, the Sixth Circuit held that "[b]rief orders citing Michigan Court Rule 6.508(D) are not explained orders invoking a procedural bar," since "Michigan courts indicate that the language used by such summary orders can refer to the petitioner's failure to establish entitlement to relief either on the merits or procedurally, and such ambiguity demands a determination that the orders are not explained." *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir., Oct. 1, 2010). A federal habeas court analyzing such form orders must "look to the last reasoned state court opinion to determine the basis for the state court's rejection of [petitioner's] claim." *Id*. at 291. "Where . . . an earlier opinion fairly appears to rest primarily upon federal law, [the court must] presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place." *Id*. at 292. A concurring opinion noted that "[h]ad the state courts' orders explicitly cited the subsection of the Rule that references procedural default, the basis for the orders would have been clear." *Id*. at 293, n. 1 (Boggs, J., concurring and dissenting). Here, the Magistrate Judge did not analyze the procedural default under

7

this new standard. Accordingly, the Court returns the matter to the Magistrate Judge to consider these final four claims in light of *Guilmette*.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed on September 7, 2010, is approved and adopted in part. The Court adopts the Recommendation as to counts I-III. The Court rejects the Recommendation as to counts IV-VII, and returns the Recommendation for further consideration consistent with *Guilmette v. Howes*, 624 F.3d 286 (6th Cir., Oct. 1, 2010).

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus under section 2254 as to counts I-III is **DENIED**.

Dated:  March 18, 2011            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE