UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MORRIS PAUL ROGERS, # 156853, ) | |
| ) | |
| Petitioner, ) | Case No. 1:07-cv-783 |
| ) | |
| v. ) | Honorable Robert J. Jonker |
| ) | |
| THOMAS K. BELL, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## SECOND REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The *pro se* habeas petition raises seven grounds for relief. The first three grounds were raised by petitioner on direct appeal. The remaining four grounds were raised for the first time in a *pro se* motion for post-judgment relief filed by petitioner after his direct appeal was concluded. On September 7, 2010, I issued a report and recommendation recommending that the first three grounds be denied on their merits, but that the final four grounds be denied under the doctrine of procedural default, as petitioner failed to raise these grounds on direct appeal and the Michigan appellate courts denied review of these issues on post-judgment motion, invoking Mich. Ct. R. 6.508(D). The report and recommendation was based on then binding Sixth Circuit authority, which held that invocation of Rule 6.508(D) by a Michigan appellate court to reject claims in a post-judgment motion constituted an "explained" state-court judgment relying on a procedural default. *See Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004); *Simpson v. Jones*, 328 F.3d 399, 407-08 (6th Cir. 2000).

Under these authorities, appellate invocation of Rule 6.508(d) constituted an adequate and independent state ground, foreclosing review of federal habeas claims except in circumstances where petitioner bears the burden of showing cause and prejudice, or actual innocence. *Munson*, 384 F.3d at 314-15. Because petitioner identified no factor that could constitute cause excusing his default, and because he did not contend that he was actually innocent, I recommended that petitioner's fourth, fifth, sixth, and seventh habeas grounds be denied on the ground of procedural default. (R&R at 33-34, docket # 44).

On *de novo* review, District Judge Robert Jonker adopted the proposed findings in the report and recommendation concerning the first three claims for relief. With regard to claims IV, V, VI, and VII, however, Judge Jonker rejected the proposed finding of procedural default and remanded the matter for further consideration. In doing so, he relied on the intervening decision of the Sixth Circuit in *Guilmette v. Howes*, 624 F.3d 286 (6th Cir. 2010) (*en banc*), decided after issuance of the report and recommendation. In *Guilmette*, the *en banc* Sixth Circuit determined that orders of the Michigan appellate courts denying post-judgment relief by citation to Mich. Ct. R. 6.508(D) are ambiguous and do not represent a plain statement of reliance on a procedural default. "Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or denial of relief on the merits, the orders are unexplained. We must therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection of [petitioner's] claim." *Guilmette*, 624 F.3d at 291. Judge Jonker remanded the matter for consideration of petitioner's final four claims in light of *Guilmette*.

Having performed the review required by the district judge's order of remand, I recommend that petitioner's claims V, VI, and VII be denied on the ground of procedural default and that claim IV be denied for failure to allege a cognizable federal claim.

**Discussion**

**I.     Claims V, VI and VII:  Procedural Default**

Under a long line of Supreme Court cases, an adequate and independent finding of procedural default by the state courts will also bar federal habeas review of a federal claim, unless the habeas petitioner can show "cause" for the procedural default and "prejudice attributable thereto." *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Federal courts "will not take up a question of federal law presented in a case 'if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'  The rule applies with equal force whether the state-law ground is substantive or procedural." *Lee v. Kemna*, 534 U.S. 362, 375 (2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)); *see Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011). The doctrine of procedural default is applicable where petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *See Middlebrooks v. Bell*, 619 F.3d 526, 534 (6th Cir. 2010); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The state may assert a procedural default when the last reasoned opinion of the state courts clearly relies on a procedural bar in refusing to consider a claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If a petitioner is guilty of a procedural default in the state courts, the federal habeas court will only entertain the defaulted issue if petitioner bears the

burden of showing cause and prejudice or can show actual innocence. *Murray*, 477 U.S. at 485; *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994).

The issue before me on remand from Judge Jonker is whether the last reasoned opinion of the state courts clearly relies on a procedural bar. As a result of the *en banc* decision in *Guilmette*, district courts may no longer rely on orders from the Michigan appellate courts denying leave to appeal that merely cite Mich. Ct. R. 6.508(D). As the *Guilmette* court pointed out, in some cases, such an order indicates "that the state appellate court is affirming the lower court's determination that a petitioner's claims are procedurally defaulted." *Guilmette*, 624 F.3d at 290. In other circumstances, the appellate order represents denial of post-conviction relief on the merits. *Id.* The controlling authority concerning the effect of such unexplained orders is *Ylst v. Nunnemaker*, 501 U.S. 797 (1991). The *Ylst* Court directed habeas courts to "look through" unexplained appellate orders to the "last reasoned decision" of the state courts. 501 U.S. at 804. Under *Ylst*, there is a presumption that where "there has been one reasoned state court judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Id.* at 803. The *Ylst* "look-through presumption" requires this court to examine the decision of the state circuit court in the present case. *See Guilmette*, 624 F.3d at 291-92.

Judge Timothy G. Hicks of the Muskegon County Circuit Court denied petitioner's motion for relief from judgment by opinion and order entered February 27, 2006.[1] The circuit court's order clearly denies relief on the basis of a procedural default -- petitioner's failure to raise claims on direct appeal -- for all claims, save one. "Before this court can grant relief, defendant must

---

[1] Because Judge Hicks's order is buried in the state Supreme Court record (docket # 23), a copy of the order is attached to this report and recommendation for the sake of convenience.

establish both good cause for failing to raise these issues on appeal and actual prejudice resulting from the alleged irregularities." (Op. at 1). The order cites Mich. Ct. R. 6.508(D)(3), which directs the state trial court to deny a post-judgment motion if it alleges grounds, other than jurisdictional defects, which could have been raised on appeal, unless the defendant demonstrates good cause and actual prejudice. The circuit court's order then analyzed and rejected petitioner's claims of cause and prejudice, without reaching the merits on three issues. The court addressed the merits on a single issue -- whether the circuit court lacked personal jurisdiction over defendant because the circuit court file did not contain a "return" from the district court. The court addressed this issue on the merits because it considered it to be jurisdictional. With regard to that claim, the court found that the existence in the circuit court file of a bindover order from district court, certifying probable cause, was sufficient to give the circuit court jurisdiction over defendant under state law. (Op. at 2).

The opinion and order of Judge Hicks entered on February 27, 2006, is a reasoned opinion denying relief on the basis of a procedural default with regard to claims V, VI, and VII in the habeas corpus petition. Under the *Ylst* "look through presumption," this court must presume that the unexplained orders of the state appellate courts rest on the same basis. *Ylst*, 501 U.S. at 803. Petitioner has the burden of "adducing strong evidence" that the Michigan appellate courts reached the merits of his federal claims. *Id.* at 806. He has not done so. Habeas review of claims V, VI, and VII in the petition is therefore barred in the absence of a showing of cause and prejudice, or actual innocence. As determined in the first report and recommendation (pp. 33-34), petitioner has not made a showing of cause, nor can he possibly show actual innocence on the present record. I therefore recommend that grounds V, VI, and VII be denied on the ground of procedural default.

II. **Claim IV: Lack of Personal Jurisdiction**

Judge Hicks did not rely on a procedural default in rejecting ground IV, which he deemed a challenge to jurisdiction and not subject to the procedural bar of Mich. Ct. R. 6.508(D). Petitioner is therefore entitled to a ruling on the merits of this claim for habeas corpus relief.

Ground IV of the petition, set forth verbatim, is as follows:

> WITHOUT A RETURN FILED FROM DISTRICT COURT THE CIRCUIT COURT NEVER OBTAINED IN PERSONAM JURISDICTION OVER APPELLATE AND THUS HIS CONVICTION WAS PROCURED IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS.

(Petition, docket # 1, Attachment C). In presenting this claim to the Michigan Supreme Court, petitioner cited no federal authority. Rather, he asserted only that the lack of a return from the state district court violated the "legislative intent" of a Michigan statute, Mich. Comp. Laws § 766.15. (*See* Pro Per Application for Leave to Appeal filed 12/21/2006, found in Supreme Court record, docket # 23). In his ruling on petitioner's post-trial motion, Judge Hicks rejected this claim on the basis that the written finding of probable cause found in the circuit court file meets the requirement for a "return" under Michigan law. (Op. at 2). Judge Hicks cited *People v. Sutherland*, 62 N.W. 566 (Mich. 1895), in which the Michigan Supreme Court held that a magistrate's certification of probable cause "was sufficient to confer jurisdiction upon the circuit court to try the case." 62 N.W. at 566.

The federal courts may issue a writ of habeas corpus to release a state prisoner only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Thus, a petition states a claim for federal habeas relief only if it alleges that the petitioner is in custody in violation of his federal rights. *See Wilson v. Corcoran*, 131 S. Ct.

13, 16 (2010). The federal courts have no power to intervene on the basis of a perceived error of state law. *See Swartout v. Cooke*, 131 S. Ct. 859, 861 (2011); *Estelle v. Maguire*, 502 U.S. 62, 68 (1991).

Petitioner's claim is that the circuit court lacked personal jurisdiction over him because of the lack of a return from the district court certifying the existence of probable cause. The federal Constitution does not require a judicial determination of probable cause as a prerequisite to prosecution. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Even the complete denial of a preliminary examination in the state system would not provide a basis for federal habeas corpus relief. *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965); *Scott v. Bock*, 241 F. Supp. 2d 780, 793 (E.D. Mich. 2003). In the Michigan system, the requirement for a preliminary examination in the district court, as a prerequisite to bindover to the circuit court, is statutory in origin. MICH. COMP. LAWS §§ 766.1 - 766.18. A preliminary examination is not constitutionally required, even as a matter of state law. *People v. Yost*, 659 N.W.2d 604, 606 (Mich. 2003). At the conclusion of proceedings, all examinations "shall be immediately certified and returned by the magistrate to the clerk of the court" in which the defendant is being prosecuted. MICH. COMP. LAWS § 766.15. Under Michigan law, personal jurisdiction over the defendant vests in the circuit court upon the filing of a return of the magistrate before whom the defendant had been examined. *Genessee County Prosecutor v. Genessee Circuit Judge*, 215 N.W.2d 145, 146 (Mich. 1974); *People v. McGee*, 672 N.W.2d 191, 199 (Mich. Ct. App. 2003). In the present case, a preliminary examination was conducted on March 6, 2003. (*See* Transcript, docket # 12). Judge Hicks found as a fact that a certification of probable cause appeared in the circuit court file (Op., 2). This finding of fact is entitled to a presumption of validity in this court, 28 U.S.C. § 2254(e)(1), and petitioner has adduced

nothing to rebut that presumption. Judge Hicks held that this certification sufficed to meet the requirements of state law. This ruling implicated state law only and cannot be reviewed by this court.

To be entitled to habeas corpus relief, a petitioner must demonstrate that the state court's decision violated clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). Relief must therefore be founded on the holdings of the Supreme Court on an issue of federal law. *See Harrington v. Richter*, 131 S. Ct. 770, 784 (2011); *Carey v. Musladin*, 549 U.S. 70, 74 (2006). The state's compliance with Michigan's statutory requirements concerning the form of a district court bindover to circuit court implicates no clearly established rights as articulated by the United States Supreme Court. The Sixth Circuit has held that alleged irregularities in the Michigan bindover process are matters of state law alone and do not provide a basis for federal habeas corpus relief. *See Tegler v. Renico*, 253 F. App'x 521, 525-26 (6th Cir. 2007).[2]

**Recommended Disposition**

Claims V, VI and VII of the habeas corpus petition should be denied on the ground of procedural default, as the last reasoned opinion of the state courts invokes an adequate and independent procedural state-law ground for denying relief. Further, petitioner has not shown cause

---

[2]Even assuming some procedural irregularity in the bindover from district court, it is clear that petitioner would not have grounds for overturning his conviction, even in the state courts. The state appellate courts hold that a defect in the preliminary examination is not itself a ground for vacating or reversing the defendant's conviction, unless it somehow affected the fairness of the trial. *People v. Hall*, 460 N.W.2d 520, 522 (Mich. 1990); *People v. McGee*, 672 N.W.2d at 199-200. It is hard to see how the form of the "return" could possibly render an ensuing trial unfair.

for his appellate default or actual innocence. Ground IV, which was addressed by the state courts on its merits, should be denied for failure to state a federal claim cognizable in habeas corpus.


Dated: March 23, 2011                              /s/  Joseph G. Scoville
                                                   United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIvR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).