UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS PAUL ROGERS,

       Petitioner,

                                                  CASE NO. 1:07-cv-783

v.

                                                  HON. ROBERT J. JONKER

THOMAS K. BELL,

       Respondent.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 53) and Petitioner's objection to it (docket # 57). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review, the Court concludes that Petitioner procedurally defaulted on claims V, VI, and VII of his petition for writ of habeas corpus, and that Petitioner has failed to state a federal claim in claim IV.

**Background**

Mr. Rogers filed a petition for habeas under 28 U.S.C. § 2254 on August 13, 2007, alleging seven grounds for relief (docket # 1). Of those seven grounds, only three had been raised on direct appeal. After reviewing the Magistrate Judge's first Report and Recommendation (docket # 44), the Court dismissed on the merits the three grounds that had been raised on direct appeal (docket # 51). The Magistrate Judge also recommended dismissing the remaining four claims for procedural default, as Mr. Rogers did not raise them on direct appeal. Mr. Rogers first brought these claims to light in his motion for relief from judgment filed in Michigan state court. As correctly noted by the Magistrate Judge, both the Michigan Court of Appeals and the Michigan Supreme Court rejected these claims, citing Mich. Ct. R. 6.508(D), but offered no further explanation for the rejection.

After the Magistrate Judge made his recommendations, the Sixth Circuit altered the analysis of procedural default in Michigan habeas petitions. *See Guilmette v. Howes*, 624 F.3d 286 (6th Cir. 2010). According to the *en banc* Sixth Circuit, "[b]rief orders citing Michigan Court Rule 6.508(D) are not explained orders invoking a procedural bar," because "Michigan courts indicate that the language used by such summary orders can refer to the petitioner's failure to establish entitlement to relief either on the merits or procedurally, and such ambiguity demands a determination that the orders are not explained." *Id*. at 289-90. In such cases, a federal habeas court must "look to the last reasoned state court opinion to determine the basis for the state court's rejection of [petitioner's] claim." *Id*. at 291. Accordingly, the Court remanded the remaining four claims to allow the Magistrate Judge to consider the impact of *Guilmette* on the procedural default analysis in this matter (docket # 51).

The second Report and Recommendation (docket # 53) recommends that three of Mr. Rogers's claims – grounds V, VI, and VII – be dismissed for procedural default. The Magistrate Judge correctly notes that the last reasoned state court opinion based its rejection of these claims on procedural, rather than substantive, grounds. *See* Docket # 53-1. Mr. Rogers does not dispute that point, but instead argues that he has established cause and actual prejudice for failing to raise the claims. *See Hicks v. Straub*, 377 F.3d 538, 551-552 (6th Cir. 2004) ("If...a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate *either*: 1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or 2) that a lack of federal habeas review of the claim's merits 'will result in a fundamental miscarriage of justice.'") (emphasis in original).

Ineffective assistance of counsel is sufficient cause for excusing procedural default, *People v. Reed*, 449 Mich. 375, 378 (1995), but Mr. Rogers has not established that his appellate counsel's performance was deficient. As noted by the Michigan state court (docket # 53-1), appellate counsel raised meritorious issues on direct appeal, all of which were addressed by the Michigan Court of Appeals. Moreover, Mr. Rogers filed his own *pro se* brief in the appeal. Appellate counsel discussed the appeal strategy with Mr. Rogers, as evidenced by their correspondence. The Court may not second-guess appellate counsel's trial strategy, and failing to send Mr. Rogers the transcripts in his possession – assuming this is in fact what occurred – does not amount to an error so serious that counsel was no longer functioning as counsel. *Reed*, 449 Mich. at 384 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Further, Mr. Rogers has failed to establish actual prejudice.

The last reasoned state court opinion addressed the merits of claim IV, a challenge to the state court's lack of personal jurisdiction. *See* Docket # 53-1. Accordingly, this ground cannot be

3

dismissed as procedurally defaulted. The Report and Recommendation instead recommends that this claim be denied for failure to state a federal claim. In doing so, the Magistrate Judge rightly observes that criminal defendants, whether in state or federal court, "d[o] not have a constitutionally protected right to a preliminary examination before [they are] bound over for trial." *Lemanski v. Borgert*, 43 F.3d 1472, *2 (6th Cir. 1994) (table opinion) (citing *Gerstein v. Pugh*, 420 U.S. 103, 125 n. 26 (1975)). In Michigan, "the preliminary examination is solely a creation of the Legislature, i.e., it is a statutory right." *People v. Yost*, 468 Mich. 122, 125 (2003); *see* M.C.L. §§ 766.1 - 766.18. Nothing in federal Constitutional or statutory law grants Mr. Rogers or any other state criminal defendant the right to a preliminary examination, and "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (emphasis in original). Thus, any alleged failure by the Michigan courts to follow the state statutory requirements for preliminary examinations is not open to attack under §2254. Moreover, Mr. Rogers's argument – the bind over form in the file was mistakenly filled out to reflect that the state judge found probable cause – does not rebut the presumption of validity granted to Judge Hick's factual finding that the bind over in the file was proper and gave the circuit court jurisdiction. *See* 28 U.S.C. § 2254(e)(1).

### Certificate of Appealability

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required

showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Reasonable jurists could not debate the outcome of Petitioner's claim, and therefore Petitioner should not be allowed to proceed further.  *See id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed on March 23, 2011, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Mr. Rogers's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

2. A certificate of appealability is denied.

Dated:   July 29, 2011            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE